

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **WENDELL DWAYNE O'NEAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  5:09-CV-1925-SLB** |
| | ) | |
| **MICHIGAN  ACADEMY  OF  COURT REPORTING;   RICH   YOUNG; DONALD   WILLIAMS;   DEBBIE THORNTON,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wendell Dwayne O'Neal, has filed Motion for Leave to Proceed In Forma Pauperis.  (Doc. 2.)[1]  For the reasons set forth below, plaintiff's Application for to proceed in forma pauperis ["IFP"][2] – without prepayment of fees, costs or security – is **DENIED**.

This court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.  This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)(citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir.

---

[1]Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

[2]"*In forma pauperis*" is Latin for "in the manner of a pauper."  BLACK'S LAW DICTIONARY 849 (9th ed. 2009).

1975)).  However the court may not arbitrarily deny an application to proceed IFP or deny the application on erroneous legal grounds.  *Id*. at 1306-07.

> When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty.  An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915.  Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements.

*Id.* at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948); *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir.1976))(internal quotations, citations, and footnotes omitted).

According to his affidavit, plaintiff has been unemployed since August 22, 1997; he has received approximately $23,000 from social security; he has no money in the bank, and he owes about $5,500.  The court finds that plaintiff has demonstrated his economic eligibility for IFP status.

"Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Martinez*, 364 F.3d at 1307.  "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'"  *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008)(quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "In

other words, an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact.  More specifically, arguable means capable of being convincingly argued." *Id*. at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991))(internal quotations and citations omitted).

Plaintiff's Amended Complaint alleges that he recently discovered defendants discriminated against him on the basis of his race in "violation of 1982 [S]elective [S]ervice Solomon Act contrary to civil rights under U.S. Const. Am. XIV denying entitlement to enlist for military service, federal and[/]or state employment, and entitlement to Title VI benefits without professional judgment delay." (Doc. 3 at 4.)  All defendants are found in Michigan. (*Id*. ¶¶ 2, 4-8.)  According to plaintiff's Amended Complaint, he attended the Michigan Academy of Court Reporting [hereinafter "ACR"] in 1985 while incarcerated. (*Id*. ¶¶ 9, 18.) Defendants directed him to apply for a Stafford student loan, which he received. (*Id*. ¶¶ 11, 15.)  However, plaintiff was not eligible for a Stafford loan because he had not registered with Selective Service. (*Id*. ¶ 12.)  When he was released in 1997, he was 37 years old and too old to register. (*Id*. ¶ 13.)  Plaintiff defaulted on his student loan. (*Id*. ¶ 18.)  He contends defendants "maliciously and deliberately" reported that he was eligible to receive student-loan benefits; they wrongfully denied him access to his 1985 financial aid records; and they "wrongfully" reported he had defaulted on his Stafford loan. (*Id*. ¶¶ 16, 28, 31.)

3

Assuming, for purposes of discussion only, that plaintiff's Amended Complaint states a cause of action against these defendants, the Amended Complaint completely fails to allege any facts that would establish this court's personal jurisdiction over any of the defendants. This court lacks personal jurisdiction over defendants if plaintiff fails to show defendants had sufficient contacts with the State of Alabama. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Plaintiff has made no attempt to allege that any of the defendants had any contact with the State of Alabama. Therefore, plaintiff's Amended Complaint will be dismissed pursuant to § 1915(e).

Plaintiff will be allowed to refile his Complaint *if* he can in good faith establish that this court has personal jurisdiction of these defendants. *See Troville v. Venz*, 303 F.3d 1256, 1260 and n.5 (11th Cir. 2002). If plaintiff cannot establish that this court has personal jurisdiction, he may file a new Complaint in Michigan.[3]

Plaintiff's Application to Proceed *In Forma Pauperis*, (doc. 2), is **DENIED** and his claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may **REFILE** his claims, on

[3]In addition to lacking personal jurisdiction, this court notes that venue may also be improper. *See* 28 U.S.C. 28 U.S.C. § 1391(b).

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship [such as this case] may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

4

or before **JANUARY 20, 2010**, if he can do so in good faith and in conformity with this

Order.

If the case is refiled, it will be assigned to the undersigned judge.

**DONE**, this 4th day of January, 2010.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

5